IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| THOMAS OWEN MURRAY, PRO SE, <br> also known as THOMAS MURRAY, <br> also known as TOMMY MURRAY, <br> also known as <br>     THOMAS OWEN MURRAY, JR., <br> TDCJ-CID No. 654244, <br> Previous TDCJ-CID No. 438128, <br><br>     Plaintiff, <br><br> v. <br><br> JULITO UY, M.D.; <br> TIMOTHY REVELLE, M.D.; <br> JOHN W. DORMAN, M.D.; and <br> SUZZANNE PAUL TENORIO, <br> Nurse Practitioner, <br><br>     Defendants. | 2:12-CV-0063 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff THOMAS OWEN MURRAY, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff asserts a claim of deliberate indifference to his serious medical needs by the defendants.

Plaintiff alleges that in June of 2006, he began complaining of loss of movement and numbness in his right side and leg. He says he was seen by defendants Dr. UY, Dr. REVELLE, Dr. DOORMAN, and Nurse Practitioner PAUL TENORIO, all of whom, he says, told him

nothing was wrong. Plaintiff alleges defendant REVELLE referred him for an EMG test, following which he was seen by Dr. DOORMAN, who informed plaintiff nothing was wrong. Plaintiff says DORMAN refused him any further testing "because [plaintiff] was costing the state too much money."

Plaintiff alleges he was seen many more times with the same complaint throughout 2007 and 2008, but was always told nothing was wrong.

Plaintiff states he was transferred to the Boyd Unit in May of 2009. Thereafter, plaintiff was eventually referred plaintiff to a specialist at U.T.M.B. Galveston where plaintiff was given an M.R.I. and diagnosed with spinal stenosis.

Plaintiff says he received surgery on March 1, 2011 to prevent further loss of mobility, but that the damages he has sustained would not have happened if he had received the proper testing in 2006.

Plaintiff requests an award of compensatory and punitive damages in unspecified amounts from each defendant.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff signed, and presumably mailed, this lawsuit on March 2, 2012. There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Applying the statute of limitations to plaintiff's claims bars claims based on incidents occurring before March 2, 2010. All of plaintiff's claims against defendants Dr. UY, Dr. REVELLE, Dr. DORMAN, and Nurse Practitioner SUZANNE PAUL TENORIO occurred before May of 2009. Plaintiff's claims are barred by the Statute of Limitations and, therefore, lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

---

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff THOMAS OWEN MURRAY be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

THIS DISMISSAL QUALIFIES AS A "STRIKE" UNDER THE PRISON LITIGATION REFORM ACT.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.

The Clerk shall also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ—Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 9362159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342–0629, fax: 936-437–4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three–Strikes List.

It is SO ORDERED.

Signed this the _____11th_____ day of May, 2012.

_____
MARY LOU ROBINSON
United States District Judge